United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID J. CARPENTER,

    Petitioner,

    v.

ROBERT L. AYERS, Jr., Acting Warden of California State Prison at San Quentin,

    Respondent.

NOS. C 98-2444 MMC
       C 00-3706 MMC

ORDER DENYING MOTION FOR STAY OF COMPETENCY EVALUATION PENDING APPEAL

**DEATH PENALTY CASES**

**INTRODUCTION**

Petitioner has filed a notice of appeal to the Ninth Circuit from the Protective Order filed by the Court on August 21, 2008. In conjunction with his appeal, he has filed a motion to stay his competency evaluation, currently scheduled for September 16, 17 and 18, 2008. Respondent opposes petitioner's motion.[1]

For the following reasons, petitioner's motion is hereby DENIED.

**BACKGROUND**

On March 11, 2008, the Court ordered that petitioner's competency be determined in a timely manner, pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817, *cert. denied*, 540 U.S. 1069 (2003). Petitioner subsequently filed a motion to terminate the competency inquiry,

---

[1] Petitioner and respondent have stipulated to a stay of the remainder of the issues pending appeal. It is only the scheduled competency evaluation that is at issue herein.

which motion was denied on June 19, 2008. The Court based its determination that an examination was required on the following factors: petitioner's claims of current incompetency; the fact that both of his petitions contain the types of claims the Ninth Circuit has indicated cannot be litigated if a habeas petitioner is incompetent, *see Rohan*, 334 F.3d at 818; petitioner's long-standing mental health issues and history of psychiatric illness; and the report submitted by petitioner's expert on petitioner's mental status.[2]

Petitioner and respondent subsequently stipulated to a single expert, Dr. Robert Roesch, to examine petitioner. The parties also agreed that the examination would occur within 90 days of the Court's approval of the stipulation. Thereafter, petitioner submitted a proposed protective order, to which respondent filed certain objections. On August 21, 2008, the Court issued a Protective Order; the Protective Order contains some, but not all, of the language suggested by petitioner. The Protective Order adopted, *inter alia*, petitioner's suggested language that the evaluation would be limited to petitioner's current competency and that any information gathered could not be used for any purposes of retrial. Contrary to petitioner's suggested language, however, the Order did provide that such information could be used to rebut or support other claims contained within the federal habeas petition, but not for any other purposes. *See*, *e.g.*, *Bittaker v. Woodford,* 331 F.3d 715, 726-28(9th Cir. 2003) (*en banc*). It is this portion of the Protective Order that petitioner intends to appeal.

**ANALYSIS**

**I.     Appealability of the Protective Order**

At the outset, the parties dispute whether the Protective Order is appealable. Petitioner argues the Protective Order is appealable pursuant to 28 U.S.C. § 1291 and *Cohen v. Beneficial*

---

[2] Dr. David V. Foster, M.D., a psychiatrist, was asked by petitioner's counsel to determine, *inter alia*, petitioner's mental status. In Dr. Foster's opinion: "[Petitioner's] delusional thinking, coupled with his manic behavior and memory impairments and other organic mental deficits, strongly contributed to his inability to cooperate with counsel during trial, and makes it difficult for [petitioner] to work with his current counsel now." See Foster Decl. ¶ 20.

2

1   *Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).[3]  Under such authority, to be appealable as a matter of
2   right, an order "must conclusively determine the disputed question, resolve an important issue
3   completely separate from the merits of the action, and be effectively unreviewable on appeal."
4   *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

      The Ninth Circuit has suggested that protective orders are interlocutory and not appealable under 28 U.S.C. § 1291.  *See*, *e.g.*, *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 n. 5 (9th Cir. 1987) (noting "[t]he general rule is that discovery orders are interlocutory and nonappealable under 28 U.S.C. § 1291"; holding that "to consider [the] protective order [at issue therein] a final order would be an unwarranted expansion of the collateral order doctrine") (citations omitted).  Here, although petitioner argues he is appealing the denial of the Protective Order, because the Protective Order did not include all of his suggested language, he cites to no authority supporting his right to do so.[4]

      Even assuming the Protective Order is appealable and not interlocutory, petitioner has not made the requisite showing under 28 U.S.C. § 1291 and *Cohen*.  Although the Protective Order appears to satisfy the first two requirements of the applicable test, in that it conclusively determines a disputed question and resolves an important issue separate from the merits of the action, s*ee*, *e.g.*, *Coopers & Lybrand*, 437 U.S. at 468, it does not meet the third requirement.

      Specifically, petitioner cannot demonstrate that any alleged error of the Court cannot be remedied on appeal from the final judgment.  To the extent petitioner is concerned that, subsequent to the competency examination, respondent will use some of the information obtained thereby to

---

[3] Petitioner has already filed a Notice of Appeal and is not seeking leave of this Court to file an appeal.  He has also stated that, should the Ninth Circuit find he is not entitled to an appeal as of right, he intends to seek a writ of mandamus.  Consequently, this Court is not required to address the question of whether the instant protective order is appealable.  Because the parties have briefed the issue, however, the Court will consider it herein.

[4] Petitioner also suggests that this Court had earlier "indicated a willingness to issue" petitioner's proposed protective order in its entirety.  Petitioner is mistaken.  In its Order of June 19, 2008, the Court confirmed that petitioner was entitled to a protective order, but declined to enter a specific protective order at that time.  The Court did not state it would adopt any protective order proposed by petitioner in its entirety; rather the Court specifically stated that "petitioner's counsel will be directed to draft, serve and submit a proposed protective order, after which respondent will be afforded an opportunity to submit objections." See June 19, 2008 Order at 9.

3

successfully rebut one or more of petitioner's claims, such concerns do not warrant interlocutory review of the Protective Order.  In the event that petitioner's concerns are borne out, and if a reviewing court finds the Protective Order was insufficiently broad in scope, any resulting error can be corrected on appeal.   As with other discovery violations, petitioner can seek reversal on appeal and a remand to this Court to reconsider the affected claim or claims without reference to the challenged information.  Petitioner points to no potential harm that cannot be remedied by such appeal.  Accordingly, petitioner has not demonstrated he is entitled to appeal the subject order.

**II.     Appropriateness of a Stay**

Even assuming the Court's Protective Order is properly appealable, petitioner has not demonstrated he is entitled to a stay of the scheduled competency evaluation pending such appeal.

The Supreme Court has established four factors for a district court to consider when determining whether or not a stay pending appeal is warranted:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

First, petitioner has not made a strong showing that he is likely to succeed on the merits. Petitioner cites to no authority holding a protective order such as that entered by the Court is impermissible.  Although petitioner cites to two cases dealing with the fruits of a competency evaluation, neither deals with the situation presented here.

In *United States v. Nguyen*, 962 F. Supp. 1221 (N.D. Cal. 1997), the district court considered the question of whether statements made by a defendant during a competency inquiry could be used against him in his pending criminal case.  Relying on the defendant's Fifth Amendment protections, the district court held that the prosecution could not use the competency report in the pending criminal trial or sentencing unless it was first used by the defense.  *Id.* at 1225.  In *Nguyen*, however, the Court was considering use of a competency report in a pending criminal trial, not a civil habeas matter.  Moreover, this Court's Protective Order confirmed that any information from the

4

1  competency evaluation cannot be used in any future retrial.  In short, the Court's Protective Order is
2  not inconsistent with the holding in *Nguyen.*

3       Petitioner also cites to *Estelle v. Smith*, 451 U.S. 454, 465, 468 (1981).  In *Estelle*, a capital
4  case, statements made by the defendant during a court-ordered competency evaluation conducted
5  prior to trial were used against him at the penalty phase of the proceedings.  The Supreme Court held
6  such use of the statements violated the defendant's Fifth Amendment privilege.  *Id.*  As in *Nguyen,*
7  the issue considered was the use of information in a criminal trial or sentencing, not on federal
8  habeas.  As discussed above, the Protective Order at issue herein expressly states that any
9  information from the competency evaluation cannot be used at the time of retrial.  Consequently, the
10 Protective Order is not inconsistent with the Supreme Court's decision in *Estelle*.  *See id.; see also,*
11 *Bittaker*, 331 F.3d at 726-28 (upholding federal habeas protective order that limited petitioner's
12 implied waiver of attorney client privilege, arising from claim of ineffective assistance of counsel, to
13 use in litigation of federal habeas petition).

14      Petitioner states he also plans to address on appeal the Court's initial decision to order a
15 competency evaluation, which petitioner continues to argue is not warranted under *Rohan* and Rule
16 35 of the Federal Rules of Civil Procedure.[5]  While the Court had compelling reasons to order a
17 competency evaluation of petitioner, the Court acknowledges that the Ninth Circuit has not ruled on
18 whether a *sua sponte* competency evaluation is warranted under *Rohan*, and that the issue remains
19 an open question in this Circuit.  Nevertheless, because the propriety of the Court's order is an open
20 question, petitioner cannot demonstrate he is likely to succeed on the merits of his argument on
21 appeal.

22      Second, petitioner will not be irreparably injured absent a stay.  Petitioner has not suggested
23 he will be harmed in any manner by the examination itself; rather, as noted, he argues he may be
24 harmed if respondent is permitted, under the Protective Order in place, to use the examination results
25 to rebut other claims in the instant petitions.  Given that petitioner and respondent have stipulated to
26 stay any other proceedings in these cases pending the appeal, there is no reasonable possibility that

---

[5] It is unclear whether petitioner has the right to appeal this Court's earlier order regarding the competency evaluation.

5

the results of the competency examination will be used by respondent for the purpose of litigating any claims in either petition pending the appeal. Rather, the examination will simply indicate whether or not petitioner is competent under *Rohan*, a question this Court considers a critical matter to resolve prior to moving forward with petitioner's remaining claims. In addition, the Court reiterates, the focus of the competency examination is on protection of petitioner's rights and interests. Accordingly, should the Ninth Circuit find this Court's Protective Order was issued in error, petitioner will not have suffered irreparable harm because the remainder of the litigation will have been stayed pending appeal.

As to the third and fourth factors, the Court finds such considerations are not seriously implicated in this instance. Respondent argues that he and the public will be prejudiced by a stay of the examination because of the public's interest in assuring that petitioner's sentences are carried out in a timely manner. Respondent has stipulated, however, to a stay of petitioner's remaining claims pending appeal. Consequently, irrespective of whether the competency examination goes forward next week, petitioner's cases will not move forward in the district court, at least in any substantial manner, until the Ninth Circuit renders a decision.

## CONCLUSION

For the foregoing reasons, petitioner's motion to stay his competency evaluation pending appeal is hereby DENIED. The examination of petitioner by Dr. Roesch will proceed as scheduled on September 16, 17 and 18.

**IT IS SO ORDERED.**

DATED: September 12, 2008

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

6