1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID J. CARPENTER,

               Petitioner,

     v.

ROBERT L. AYERS, Jr., Warden of
California State Prison at San Quentin,

               Respondent.

NOS. C 98-2444 MMC
      C-00-3706 MMC

ORDER REGARDING
  COMPETENCY

**DEATH PENALTY CASES**

## Background

By order dated March 11, 2008, this Court ordered that petitioner's competency be

determined in a timely manner, pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817,

*cert. denied*, 540 U.S. 1069 (2003).  The Court based its determination that an examination was

required on the following factors: petitioner's claims of current incompetency as set forth in both of

his petitions; the fact that both of his petitions contain the types of claims the Ninth Circuit has

indicated cannot be litigated if a habeas petitioner is incompetent, *see Rohan*, 334 F.3d at 818;

petitioner's long-standing mental health issues and history of psychiatric illness; and the report

submitted by petitioner's expert with respect to petitioner's mental status, (*see* Declaration of

Psychiatrist David V. Foster, M.D. at  ¶ 20).

**United States District Court**
For the Northern District of California

1   Petitioner and respondent subsequently stipulated to a single expert, Dr. Robert Roesch, to

2   examine petitioner.  Pursuant to the Court's order of July 18, 2008, Dr. Roesch's evaluation

3   considered petitioner's competency in accordance with the following standard: Whether Mr.

4   Carpenter has the capacity to appreciate his position and make rational choices with respect to

5   proceedings in this Court or, on the other hand, whether he is suffering from a mental disease,

6   disorder or defect that may substantially affect his capacity.  *See Rees v. Peyton*, 384 U.S. 312

7   (1966).  In addition, Dr. Roesch considered whether petitioner has the capacity to "communicate

8   rationally with counsel regarding this matter."  *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803,

9   819 (9th Cir. 2003).

10   **Dr. Roesch's Evaluation and Report**

11   Dr. Roesch examined petitioner over a three day period in September 2008 and administered

12   various psychological tests.  In his detailed report, dated October 13, 2008, Dr. Roesch addressed the

13   questions specified in the Court's order of July 18, 2008 and concluded petitioner is competent

14   under the relevant standard.[1]  Neither petitioner nor respondent has filed any objections to Dr.

15   Roesch's report.

16   **Findings of Fact and Conclusions of Law**

17   Based on the filings in the instant cases, and Dr. Roesch's uncontested report, this Court

18   hereby finds as follows:

19   1.  Petitioner currently has the capacity to appreciate his position and make rational choices

20   with respect to legal proceedings;

21   2.  Petitioner is not currently suffering from a mental disease, disorder, or defect that may

22   substantially affect his capacity to appreciate his position and make rational choices with respect to

23   legal proceedings;

24   3.  Petitioner currently has the capacity to communicate rationally with his counsel;

25   4.  Petitioner is currently competent under the standard set forth in *Rohan ex rel. Gates v.*

26   *Woodford*, 334 F.3d 803 (9th Cir. 2003).

27   _____

28   [1] Dr. Roesch's report was filed under seal and thus will not be directly quoted in this Order.

2

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

For the foregoing reasons, the Court finds and concludes that petitioner is competent to litigate his habeas petitions in this Court.  Apart from the issue of petitioner's current competency, petitioner's cases are currently stayed pending his appeal to the Ninth Circuit with respect to the terms of the Court's protective order.  Once the appeal is completed and the stays terminated, the parties are directed to set a status conference with the Court to determine a litigation schedule to resolve petitioner's remaining claims.

**IT IS SO ORDERED.**

DATED: December 2, 2008

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

3