IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Acting Warden of<br>California State Prison at San Quentin,<br><br>　　　　Respondent. | NO. C 00-3706 MMC<br><br>ORDER RE PROCEDURAL DEFAULT<br><br>**DEATH PENALTY CASE** |

**Introduction**

The instant case arises from petitioner's conviction and death sentence for murdering five people in Marin County and raping or attempting to rape three of them. His crimes occurred between October 11, 1980, and November 28, 1980. Due to pre-trial publicity, the case was tried in San Diego County. On November 29, 1999, the California Supreme Court affirmed petitioner's conviction and death sentence. *See People v. Carpenter*, 21 Cal. 4th 1016 (1999).[1] On October 2, 2000, the United States Supreme Court denied a petition for certiorari. *See Carpenter v. California*, 531 U.S. 838 (2000). Prior to affirmance of his conviction and sentence on direct review, petitioner

---

[1] Petitioner was separately convicted and sentenced to death for, among other things, murdering two people and attempting to murder a third in Santa Cruz County between March and May of 1981. The Santa Cruz County charges, also due to pre-trial publicity, were tried in Los Angeles County. Petitioner's conviction and death sentence based on the Santa Cruz-Los Angeles County case is the subject of a separate federal habeas petition before this Court, *Carpenter v. Woodford*, C 98-2444 MMC, ("*Carpenter I*").

filed two separate state habeas petitions. The first petition was filed in the trial court on September 28, 1988, and was based on allegations of juror misconduct. The trial court granted the petition and ordered a new trial; the California Supreme Court, however, reversed the new trial order and denied the petition. *See In re Carpenter*, 9 Cal.4th 634 (1995). The second petition was filed in the California Supreme Court on November 1, 1999, and was denied on January 13, 2000. *See In re Carpenter*, No. S083246.

Petitioner filed a federal petition for writ of habeas corpus in this court on November 4, 2002. On November 26, 2002, this Court granted petitioner's motion to hold the proceedings in abeyance while he filed a second state habeas petition in the California Supreme Court. On December 18, 2002, the California Supreme Court denied the second state petition, and on December 27, 2002, petitioner filed his First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") in this Court.

Respondent subsequently filed a motion to dismiss the first amended petition, primarily asserting various procedural grounds, which, respondent argued, warranted dismissal of at least certain portions of petitioner's First Amended Petition. In a series of orders, the Court thereafter addressed all of the procedural issues, and also addressed multiple claims on the merits.

Now before the Court is respondent's motion for reconsideration of the Court's denial in part of respondent's earlier motion to dismiss certain claims on procedural grounds. Respondent argues that an intervening change in the law, specifically the United States Supreme Court's decision in *Walker v. Martin*, 131 S. Ct. 1120 (2011), calls some of the Court's earlier findings on procedural default into question. For the following reasons, respondent's motion will be granted.

**Legal Standard**

Federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The doctrine of procedural default is a "specific application of the general adequate and independent state grounds doctrine." *Fields v. Calderon*, 125 F.3d 757, 762 (9th Cir. 1997) (internal quotation and citation omitted). It bars a federal court from granting relief on a claim where the state court has declined to

2

address the claim on the basis of the petitioner's failure to meet a state procedural requirement. *Id.*

In the habeas context, the procedural default doctrine furthers the interests of comity and federalism. *Coleman*, 501 U.S. at 730. It helps ensure that the state criminal trial remains the "main event" rather than a "tryout on the road" for a later federal habeas proceeding. *Wainwright v. Sykes,* 433 U.S. 72, 90 (1977).

To determine whether a claim is defaulted, the federal court must establish whether the procedural rule the state court invoked to bar the claim is both "independent" and "adequate" to preclude federal review. "For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001), *citing Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). In 1998, the Supreme Court of California made clear that it would no longer consider federal law when denying a habeas claim as procedurally barred on grounds of untimeliness. *See In re Robbins*, 18 Cal. 4th 770, 814 n.34 (1998).

For a state procedural rule to be "adequate," it must be clear, well-established and consistently applied. *Calderon v. Bean,* 96 F.3d 1126, 1129 (9th Cir. 1996). The issue of whether a state procedural rule is adequate to foreclose federal review is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965).

**Procedural Background**

This Court previously denied respondent's motion to dismiss Claims 5, 6, 7.D, 7.E, 7.F, 7.H, 7.I, 9, 10, 13, 14, 15, 17, 22, 23, 24, 25, 27, 32, 45.A, 45.B, 45.F, 45.I, 45.J, 45.K, 45.M, and 48 as procedurally defaulted on grounds of untimeliness, under *In re Clark*, 5 Cal. 4th 750 (1993) and *In re Robbins*, 18 Cal. 4th 770 (1998). (*See* Docket No. 78.) Additionally, the Court denied respondent's motion to dismiss Claims 5, 11, 15.B, 15.C, 17, 22, 23, 25, 27, 32, 45.A, 45.B, 45.F, 45.I, 45.J and 45.M as procedurally defaulted on the ground that petitioner had failed to raise them on direct appeal, in violation of *In re Dixon*, 41 Cal. 2d 756 (1953). (*See* Docket No. 78.) In particular, the Court held that pursuant to the applicable law at that time, specifically *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), *Fields v. Calderon*, 125 F.3d 757 (9th Cir. 1997), and *Morales v. Calderon*, 85 F.3d 1387 (1996), California's untimeliness and *Dixon* bars were neither

3

well-established nor consistently applied by the state courts, and thus were inadequate to bar federal review. As noted above, respondent now asks the Court to reconsider that order, and find those claims defaulted due to an intervening change in the law.

**Analysis**

"California does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for habeas corpus. Instead, California directs petitioners to file known claims as promptly as circumstances allow." *Martin*, 131 S. Ct. at 1124 (internal quotation and citation omitted.) Several leading decisions influence the analysis of untimeliness defaults. In 1993, the California Supreme Court decided *Clark*, 5 Cal. 4th 750, clarifying the law regarding untimeliness. Prior to that time, the untimeliness bar was not firmly established or consistently applied, and thus was found to be inadequate to bar federal review. *See Fields*, 125 F.3d at 763-764. In 1998, the California Supreme Court decided *Robbins*, declaring that it would no longer consider federal law when denying a habeas claim as procedurally barred for untimeliness, and thus establishing the independence of California's untimeliness bar. *See Robbins,* 18 Cal. 4th at 811-12, n.32. Even for defaults occurring after *Clark* and *Robbins*, however, district courts within the Ninth Circuit continued to hold California's timeliness bar inadequate, based on its discretionary application. *See, e.g., Dennis v. Brown*, 361 F. Supp. 2d 1124, 1130-34. (N.D. Cal. 2005).

In *Martin*, the United States Supreme Court held that California's timeliness rule is adequate to bar federal habeas review. *See Martin,* 131 S. Ct. at 1131. Specifically, the Supreme Court held California's untimeliness bar was "firmly established and regularly followed," *id.* at 1127, and thus adequate to trigger a procedural bar to federal habeas review, *id.* at 1128-29.

**I. Applicability of *Martin***

Petitioner concedes that the law upon which this Court earlier relied in denying respondent's motion to dismiss claims as procedurally defaulted under the timeliness bar is no longer valid after *Martin*. Petitioner argues, however, that his claims that were defaulted under *Dixon* are not barred from federal review. The Court thus turns to that issue.

The California Supreme Court held that Claims 5, 11, 15.B, 15.C, 17, 22, 23, 25, 27, 32, 45.A, 45.B, 45.F, 45.I, 45.J and 45.M were barred as "pretermitted" under *Dixon*, 41 Cal. 2d at 756,

4

because petitioner failed to raise them on direct appeal.² Earlier, as noted, the California Supreme Court, in *Harris*, had held the *Dixon* bar adequate. *See Harris,* 5 Cal. 4th at 829. Even for defaults occurring after *Harris*, however, district courts within the Ninth Circuit continued to hold California's *Dixon* bar inadequate, based on its discretionary application. *See, e.g., Dennis*, 361 F. Supp. 2d at 1130-34. Consistent therewith, this Court found the *Dixon* bar was independent, but not adequate, and denied respondent's motion to dismiss the claims on *Dixon* grounds. In the instant motion, respondent, while acknowledging *Martin* dealt specifically with the adequacy of the untimeliness bar under *Clark/Robbins*, argues its reasoning is applicable to the *Dixon* bar as well. The Court agrees.

Although petitioner is correct that the specific issue raised in *Martin* was the adequacy of California's timeliness rule, the Supreme Court did not explicitly limit its discussion or reasoning to that procedural bar. Rather, the Court's analysis considered the adequacy of procedural requirements in general, holding "procedural ground[s]" must be "firmly established and regularly followed." *Martin*, 131 S. Ct. at 1127. In addition, the Supreme Court held that even a "discretionary" state procedural rule "can serve as an adequate ground to bar federal habeas review." *Id.* at 1128 (internal quotation and citation omitted); *see also id.* at 1130 (noting discretion enables a court "to avoid the harsh results that sometimes attend consistent application of an unyielding rule").

After the Supreme Court's decision in *Martin*, numerous district courts in the Ninth Circuit have concluded that the *Dixon* bar is adequate under the reasoning of *Martin*, *see*, *e.g.*, *Richardson v. Biter*, 2014 WL 296635, at *7-8 (C.D. Cal. Jan. 28, 2014); *Lee v. Mitchell*, 2012 WL 2194471 at *17 (C.D. Cal. May 1, 2012); *Ortiz v. Harrington*, 2013 WL 6387146 at *15 n.10 (C.D. Cal. Dec. 6, 2013). This Court is in accord with the reasoning of those district court decisions, and, accordingly, finds the *Dixon* rule is both independent and adequate. Consequently, Claims 5, 11, 15.B, 15.C, 17, 22, 23, 25, 27, 32, 45.A, 45.B, 45.F, 45.I, 45.J and 45.M are barred as pretermitted, unless petitioner

---

² Under controlling California law, applicability of the *Dixon* bar is determined at the time the direct appeal is filed. Specifically, in order for the *Dixon* bar to apply, a petitioner's direct appeal must have been filed after 1993, the year in which the California Supreme Court decided *In re Harris*. *See Harris,* 5 Cal. 4th 813, 829 (1993) (establishing *Dixon* bar as adequate procedural bar). Here, petitioner filed his opening brief in the California Supreme Court on May 21, 1998, five years after *Harris*.

can later show cause and prejudice for the default.

## II. Petitioner's Additional Arguments

Petitioner argues that, even if this Court finds *Martin* applies to both the timeliness and the *Dixon* bars, "alternative grounds" nonetheless exist that would allow the Court to find his claims are not defaulted. The Court next considers each such argument in turn.

### A. Timing of Motion to Reconsider

Petitioner argues that respondent's motion to reconsider is untimely. As respondent correctly points out however, Civil Local Rule 7-9, pursuant to which respondent brings the instant motion, requires only that a motion for reconsideration be brought "[b]efore the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties. . . ." *See* Civil L.R. 7-9(a). Respondent's motion was brought prior to the entry of judgment. Thus, in accordance with this district's local rules, the motion is appropriate for this Court to consider on the merits, and petitioner points to no circumstances or considerations warranting a ruling to the contrary.

### B. California Supreme Court's Consideration of the Merits of Defaulted Claims

Next, noting that the California Supreme Court frequently considers the merits of claims that it has held to be procedurally defaulted, petitioner argues that the California Supreme Court's determination to also reach the merits of certain claims renders those procedural defaults "inadequate" to bar federal review.

The United States Supreme Court has held that "a state court need not fear reaching the merits of a federal claim . . . as long as the state court explicitly invokes a state procedural bar as a separate basis for decision." *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *see also Bennett*, 322 F.3d at 580 (holding "[a] state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim"). Accordingly, petitioner's argument is without merit.

### C. Independence of Timeliness Bar

Lastly, petitioner argues that California's timeliness bar is not independent of federal law, and thus cannot bar federal review of his claims. This argument likewise is unavailing. The Court previously held that both the untimeliness bar and the *Dixon* bar are independent. (*See* Docket No.

United States District Court
For the Northern District of California

78.) Petitioner cites to no authority to the contrary. Rather, Ninth Circuit authority has long held that "because the California timeliness rule is not interwoven with federal law, it is an independent state procedural ground, as expressed in *Clark/Robbins*." *See Bennett*, 322 F.3d at 581. Moreover, subsequent to this Court's order finding petitioner's untimely claims were not procedurally defaulted, the Supreme Court unequivocally has held that California's timeliness rule is both independent and adequate to bar federal review. *See Martin,* 131 S. Ct. at 1131.[3] Consequently, the California Supreme Court's denial of petitioner's claims on grounds of untimeliness prohibits federal review of those claims.

### D.  Defaulted Claims

It is undisputed that numerous claims held to be untimely or pretermitted by the state court were presented in their entirety for the first time in petitioner's second state habeas petition. Accordingly, those claims are defaulted in their entirety.

Petitioner argues, however, that certain claims are not procedurally barred, despite the fact that they were untimely presented in petitioner's second state habeas petition. According to petitioner, those claims include material that was also presented to the state court on direct appeal or in the first state habeas petition, and to which no default was applied. As this Court held in its order on respondent's motion to reconsider in *Carpenter I*, the procedural bar applies only to the new portions of the claims presented in the second state habeas petition. Accordingly, the portions of the claims at issue that were procedurally barred in petitioner's second state habeas petition are defaulted.[4]

### E.  Cause, Prejudice, and Miscarriage of Justice

Respondent argues that petitioner's pleadings fail to address cause, prejudice, or the miscarriage of justice to overcome his defaults, and, according to respondent, petitioner's claims thus must be denied. Petitioner counters that any defaults should be excused because he will be able to establish one or more such exceptions.

---

[3] Indeed, even the petitioner in *Martin* did not "dispute that [California's] time limitation is an 'independent' state ground." *See Martin*, 131 S. Ct. at 1127.

[4] Additionally, some of those claims have been denied on the merits.

As the determination of whether petitioner has established exceptions to default involves an examination of the merits of petitioner's claims, the Court defers ruling on the former until after it has considered the latter. *See Batchelor v. Cupp*, 693 F.2d 859, 864 (9th Cir. 1982) (finding, where deciding merits of claims proves to be more efficient than adjudicating exceptions to procedural default, court may exercise discretion to do so). The Court will consider at a later date issues of cause, prejudice, and miscarriage of justice with respect to any claims that at such time appear to have merit.

**Conclusion**

For the foregoing reasons, the Court concludes as follows:

1. As to Claims 5, 6, 7.D, 7.E, 7.F, 7.H, 7.I, 9, 10, 13, 14, 15, 17, 22, 23, 24, 25, 27, 32, 45.A, 45.B, 45.F, 45.I, 45.J, 45.K, 45.M and 48, any and all portions of said claims presented for the first time in petitioner's second state habeas petition and held to be untimely by the California Supreme Court are defaulted as untimely.

2. As to Claims 5, 11, 15.B, 15.C, 17, 22, 23, 25, 27, 32, 45.A, 45.B, 45.F, 45.I, and 45.M, with the exception of any assertions of ineffective assistance of counsel as to Claims 5, 11, 15.B and 15.C., any and all portions of said claims presented for the first time in petitioner's second state habeas petition and held to be pretermitted by the California Supreme Court are defaulted as pretermitted.

3. Within sixty (60) days of the date of this Order, petitioner and respondent are instructed to meet and confer, and to submit a proposed litigation schedule for the briefing of Group 4 claims. The Court will schedule a case management conference if necessary.

**IT IS SO ORDERED.**

DATED: May 8, 2015

_____
MAXINE M. CHESNEY
United States District Judge

8