IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Acting Warden of California State Prison at San Quentin,<br><br>    Respondent. | NO. C 00-3706 MMC<br><br>ORDER GRANTING LEAVE TO FILE A MOTION FOR RECONSIDERATION<br><br>**DEATH PENALTY CASE** |

    Pursuant to Civil Local Rule 7-9(a), petitioner has moved for leave to file a motion for reconsideration of this Court's order of May 8, 2015, by which the Court dismissed various claims due to procedural default. In support of his motion, petitioner relies on Civil Local Rule 7-9(b)(2), which requires the moving party to demonstrate that "a change of law occurring after the time of [the challenged] order" compels reconsideration of an earlier decision. *See* Civil L.R. 7-9(b)(2).

    Petitioner has made the necessary showing under Civil Local Rule 7-9. As petitioner correctly points out, this Court relied upon *Walker v. Martin*, 131 S.Ct 1120 (2011) and various district court cases to support its holding that California's *Dixon* bar was adequate to foreclose federal review of certain claims. More recently, however, the Ninth Circuit concluded that *Martin* does not establish the adequacy of *Dixon*. *See Lee v. Jacquez*, 2015 WL 3559125 (9th Cir., June 9, 2015).

Accordingly, and for good cause shown, petitioner's motion for leave to file a motion for reconsideration is GRANTED. Within thirty days of the date of this order, the parties shall meet and confer, and set a briefing schedule for any motion for reconsideration.

**IT IS SO ORDERED.**

DATED: June 29, 2015

_____
MAXINE M. CHESNEY
United States District Judge