IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>                Petitioner,<br><br>  v.<br><br>RON DAVIS, Acting Warden of California State Prison at San Quentin,<br><br>                Respondent. | NO. C 00-3706 MMC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>**DEATH PENALTY CASE** |

Pursuant to Civil Local Rule 7-9, petitioner has filed a motion for reconsideration of the Court's Order of May 8, 2015 ("May 8 Order"), dismissing various claims due to procedural default. In support of his motion, petitioner argues that a subsequent change of law compels the Court to reconsider portions of its May 8 Order.

In said order, the Court relied on *Walker v. Martin*, 131 S.Ct 1120, 1128-31 (2011), as well as various district court cases, to support its holding that California's *Dixon* bar was adequate to foreclose federal review of certain claims. *See In re Dixon,* 41 Cal. 2d 756 (1953). More recently, however, the Ninth Circuit concluded that *Martin* does not establish the adequacy of the *Dixon* bar. *See Lee v. Jacquez*, 788 F. 3d 1124, 1133-34 (9th Cir. 2015).

Respondent challenges the Ninth Circuit's reasoning in *Lee* but implicitly acknowledges, as he must, that *Lee* prevents this Court from holding petitioner's claims are defaulted pursuant to the *Dixon* bar. Although the Attorney General may file a petition for a writ of *certiorari*, seeking review of *Lee* (*Johnson v. Lee*, No. 15A484 (U.S. Nov. 5, 2015)), published opinions of the Ninth Circuit are binding on district courts irrespective of a potential rehearing or review. *See, e.g.*, *Wedbush et. al., Inc. v. SEC*, 714 F. 2d 923, 924 (9th Cir. 1983).

Accordingly, and for good cause shown, petitioner's motion for reconsideration is GRANTED. The portion of the Court's May 8 Order dismissing petitioner's claims as defaulted pursuant to the *Dixon* bar (*see* Doc. No. 175 at 4-6) is hereby VACATED, and the portion of the Court's earlier order addressing the same issue (*see* Doc. No. 78 at 10-12) is hereby REINSTATED. Specifically, Claims 5, 11, and 32 will be decided on the merits.

The remaining claims subject to the *Dixon* bar have either been rejected on the merits (Claims 15C, 27, 45A, 45B, 45F, 45I, 45J and 45M), or have been barred by other independent and adequate state procedural rules (Claims 15B, 17, 22, 23, and 25).

**IT IS SO ORDERED.**

DATED: December 11, 2015

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE