IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>    Petitioner,<br><br>v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 00-cv-03706-MMC<br><br>**ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 189<br><br>**DEATH PENALTY CASE** |

    Pursuant to Civil Local Rule 7-9(a), respondent has moved for leave to file a motion for reconsideration of this Court's Order of December 11, 2015. In support of his motion, respondent relies on Civil Local Rule 7-9(b), which, *inter alia*, allows a party to demonstrate that "a change of law occurring after the time of [the challenged] order" compels reconsideration of an earlier decision. See Civil L.R. 7-9(b)(2).

    Respondent has made the necessary showing under Civil Local Rule 7-9. As respondent correctly points out, this Court, in the above-referenced Order, relied upon *Lee v. Jacquez*, 788 F.3d 1124 (9th Cir. 2015), to support its holding that California's *Dixon* bar was not adequate to foreclose federal review of claims found to be procedurally defaulted in state court. See *In re Dixon*, 41 Cal. 2d 756 (1953). More recently, however, the United States Supreme Court held that California's *Dixon* bar is adequate, and thus may serve to procedurally bar claims in federal court that were defaulted under *Dixon* in state court. *Johnson v. Lee,* 136 S.Ct. 1802 (2016) (per curiam).

    Accordingly, and for good cause shown, respondent's motion for leave to file a

motion for reconsideration is GRANTED. Within ninety days of the date of this Order, the parties shall meet and confer, and set a briefing schedule for any motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 27, 2016

MAXINE M. CHESNEY
United States District Judge