IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No. 00-cv-03706-MMC<br><br>**AMENDED ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION**[1]<br><br>Re: Dkt. No. 196<br><br>**DEATH PENALTY CASE** |

Before the Court is respondent's motion, filed October 11, 2016, pursuant to Civil Local Rule 7–9, for reconsideration of the Court's order of December 11, 2015 ("December 11 Order"), by which the Court vacated its prior order of May 8, 2015 ("May 8 Order"), wherein the Court had found various claims were procedurally defaulted based on the procedural bar announced in *In re Dixon*, 41 Cal.2d 756 (1953). Both parties agree that *Johnson v. Lee*, 136 S.Ct. 1802, 1805 (2016) (per curiam), compels the Court to reconsider its December 11 Order.

In its December 11 Order, the Court, relying on *Lee v. Jacquez*, 788 F.3d 1124, 1133–34 (9th Cir. 2015), held California's *Dixon* bar was not adequate to foreclose federal review of the above-referenced claims. (*See* ECF Dkt. No. 184 at 1–2.) Following entry of that order, however, the Supreme Court reversed *Lee v. Jacquez* and concluded the *Dixon* bar satisfies the criteria that a state rule must be "firmly established and regularly followed," and thus qualifies as an adequate procedural ground capable of barring federal habeas review. *Johnson*, 136 S.Ct. at 1805 (quoting *Walker v. Martin*,

---

[1] The sole amendment is to correct the docket number in the caption.

1   562 U.S. 307, 316 (2011)).

2   Accordingly, for good cause shown, the Court VACATES the December 11 Order
3   in its entirety and REINSTATES the previously vacated portions of the May 8 Order.
4   As noted in the May 8 Order, the Court defers ruling on whether petitioner has
5   established exceptions to default and will consider at a later date issues of cause,
6   prejudice, and miscarriage of justice with respect to any claims that at such time appear
7   to have merit.  (*See* ECF Dkt. No. 175 at 8.)

**IT IS SO ORDERED.**

Dated: December 1, 2016

MAXINE M. CHESNEY
United States District Judge